## WILLIAMS v DAVIS

Ohio Appeals, 2nd Dist, Franklin Co

No 2291. Decided April 4, 1933

W. S. Lyman, Columbus, for plaintiff in error.

Outhwaite & Lynn, Columbus, and Alex S. Dombey, for defendant in error.

KUNKLE, J.

It requires no citation of authorities to establish the rule that the jurisdiction of the Court of Appeals is limited to reviewing final orders.

Sec 12258, GC, defines a final order as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed as provided in this title."

The plaintiff in error in her petition in error sets forth two alleged grounds of error, viz.;

"1. The court erred in overruling the motion of plaintiff in error to strike from the files defendant in error's motion to vacate the judgment for noncompliance with the rule adopted by the Common Pleas Court governing the filing of motions, namely, the failure to file a brief and the giving of notice to the opposite party."

This is a rule of the Court of Common Pleas. Its enforcement rests in the sound discretion of the judges of the Court of Common Pleas. There is no bill of exceptions in this case and we would not be justified in finding that the trial court abused its discretion in declining to enforce the rule in reference to the filing of a memorandum with the motion in the absence of a bill of exceptions showing what facts were presented. We can take notice of what occurred in the lower court only as the same is presented by a bill of exceptions containing a certificate signed by the trial judge to the effect that the bill contains all the testimony that was heard upon that subject.

In the absence of a bill of exceptions we can not say what reason, if any, was assigned for the failure to comply with the rule in reference to a memorandum.

The second ground of error claimed in the petition in error is,

"2. That the court erred in setting aside and vacating the judgment heretofore obtained against defendant in error by plaintiffs in error.

"Other errors occurring during the said proceeding, which an inspection of the record will more fully disclose."

There is no question but that the opening up of a default judgment and granting leave to file an answer is not a final order. Such judgment does not affect the substantial rights of the plaintiff in error. It does not determine the action against the plaintiff in error.

As a matter of fact when this case is re-tried the plaintiff in error may secure a more favorable judgment than the one that was vacated.

Counsel for plaintiff in error in their brief complain that while the motion to vacate or open up the judgment was filed during the same term in which the original judgment was entered, that such motion was not acted upon and sustained until the subsequent term of court. Some discussion is found in the briefs as to the practice of the assignment commissioner of this county in reference to the continuance of all undisposed of cases.

In the absence of a bill of exceptions showing something to the contrary, we would be required to presume that the ruling of the trial court was warranted. There is nothing before us except the transcript of docket and journal entries, the pleadings and the briefs of counsel.

The motion of defendant in error to dismiss the petition in error will be sustained.

HORNBECK, PJ, and BARNES, J, concur.